**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────────────

**SPENCER WILSON**

       **Plaintiff,**

v.                                              **1:16-CV-077 (NAM)**

**NANCY A. BERRYHILL, Acting Commissioner
of Social Security,**

       **Defendant.**

─────────────────────────────────────────────

**Appearances:**

Lewis B. Insler, Esq.
17 Newcomb Place
White Plains, NY 10606
*Attorney for Plaintiff*

Graham Morrison, Esq.
Social Security Administration
Office of Regional General Counsel, Region II
26 Federal Plaza - Room 3904
New York, NY 10278
*Attorney for Defendant*

**Hon. Norman A. Mordue, Senior United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff commenced this action on January 21, 2016, seeking review of the Commissioner's denial of his application for social security disability benefits under the Social Security Act. (Dkt. No. 1). The Court issued a Memorandum-Decision and Order on March 30, 2017, granting Plaintiff's motion for judgment on the pleadings, reversing the Commissioner's decision, and remanding the matter. (Dkt. No. 12). On May 2, 2017, the parties agreed that

Plaintiff be awarded attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJ"), in the amount of $4,281.13. (Dkt. Nos. 14, 15). On or around July 7, 2018, Plaintiff was awarded disability benefits, and Plaintiff now moves for $10,500 in attorney's fees pursuant to 42 U.S.C. § 406(b), further stating that upon payment, counsel will refund the previously awarded EAJA fees. (Dkt. No. 16). The Commissioner does not object, noting that the requested amount does not appear to be unreasonable. (Dkt. No. 17)

## II. DISCUSSION

Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b). Within this 25 percent boundary, the attorney must show the fee sought is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Court should look first to the contingent-fee agreement, and then test for reasonableness based on the character of the representation and the results the representative achieved. *Id.* at 808. "If benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is [] in order." *Id*. (citations omitted).

Counsel has submitted a copy of the Retainer Agreement signed by Plaintiff, which provided that he would pay 25% of past due benefits upon successful litigation. (Dkt. No. 16-4). According to Plaintiff's Social Security Award Notice, 25% of the past due benefits amounted to $24,070.40. (Dkt. No. 16-3). Thus, the amount sought here, $10,500, is substantially less than the maximum statutory amount agreed to in the Retainer. Counsel has also provided a time

2

sheet documenting 23.75 hours spent on legal services for the case, and a supporting affidavit. (Dkt. Nos. 16-1, 16-2).

Having carefully reviewed Plaintiff's submissions, the Commissioner's response, and having considered the facts of this case, the Court finds that Plaintiff's fee request is reasonable under the circumstances. Accordingly, Plaintiff's motion is granted.

### III. CONCLUSION

For these reasons, it is therefore

**ORDERED** that Plaintiff's motion (Dkt. No. 16) for attorney's fees pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of $10,500; and it is further

**ORDERED** that upon payment, counsel for Plaintiff shall refund the previously awarded Equal Access to Justice Act fees to Plaintiff.

**IT IS SO ORDERED**.

Date: October 25, 2018
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge